NIGHT BOX FILED

AUG 2 4 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STUART MADNICK, on behalf of himself and all others similarly situated, | Civil Action No. |
| Plaintiff, | |
| vs. | CIV-UNGARO-BENAGES |
| AMR CORP., AMERICAN AIRLINES, INC., BRITISH AIRWAYS, PLC, UAL CORP., UNITED AIRLINES, INC., VIRGIN ATLANTIC AIRWAYS, LTD. | MAGISTRATE JUDGE **CLASS ACTION COMPLAINT** SULLIVAN |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Stuart Madnick, on behalf of himself and all others similarly situated, through his undersigned attorneys, hereby brings this action seeking treble damages, other monetary relief and equitable relief for Defendants' violations of the federal antitrust laws and state common law principles of restitution, disgorgement or unjust enrichment. Plaintiff's claims as to himself and his own actions, as set forth in ¶ 9, are based upon his own knowledge. All other allegations are based upon information and belief pursuant to the investigation of counsel.

## I. NATURE OF THE ACTION

1. This lawsuit is brought as a class action on behalf of all persons or entities who purchased international passenger air transportation in the United States from Defendants, their co-conspirators, predecessors or controlled subsidiaries or affiliates (the "Class") from June 2002 and continuing to present (the "Class Period"). Defendants are in the business of providing international passenger air transportation services. Passenger air transportation service is an international market which affects United States' commerce.

2. Plaintiff alleges that during the Class Period, Defendants entered into a contract, combination or conspiracy to fix, raise, maintain or stabilize passenger air transportation charges, including but not limited to, surcharges for items such as fuel in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The conspiracy operated domestically as well as internationally.

3. As a direct and proximate result of Defendants' unlawful contract, combination or conspiracy, Plaintiff and members of the Class have been and continue to be denied the benefits of free and unrestrained competition in the international passenger air transportation market. Plaintiff and members of the Class have, therefore, been forced to pay artificially high passenger air transportation costs causing them to sustain injury to their business or property.

## II. JURISDICTION AND VENUE

4. Plaintiff brings this class action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover treble damages and injunctive relief as well as reasonable attorneys' fees and costs with respect to injuries arising from violations by Defendants of the federal antitrust laws, including Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 3.

5. The Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), Section 7 of the Sherman Act, 15 U.S.C. § 6a and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Jurisdiction and venue are proper in this district pursuant to 15 U.S.C. §§ 1, 7, 15, 22 and 26, and 28 U.S.C. §1391(b)(2) because a part of the events or omissions giving rise to the claims occurred in this District. As detailed herein, several Defendants maintain offices within this District where relevant documents and witnesses could be potentially located. Additionally, each of the

Defendant Airlines flies daily to and from Miami International Airport in the Southern District of Florida.

7. This court has *in personam* jurisdiction over each of the Defendants because each was engaged in a restraint of trade that was designed to and had a direct, substantial and reasonably foreseeable effect on United States commerce causing injury to persons and entities residing in, located in, or doing business in the United States.

8. Nearly all of the Defendants maintain significant offices in the United States where a substantial portion of their customers are located and where a part of the unlawful conduct may have occurred. Defendants use their United States offices to organize and coordinate their international operations. Moreover, Defendants, including the foreign entities, have significant contacts with the United States, including regularly utilizing United States airports, and regularly engaging in sales, marketing and operations in the United States, thereby making it fair and reasonable for them to defend this action in a United States court.

### III. PARTIES

9. Plaintiff Stuart Madnick is an individual residing in Massachusetts. Plaintiff directly purchased international air travel services from one or more of the Defendants during the Class Period and was damaged as a result of Defendants' unlawful conduct.

10. British Airways, PLC ("British Airways") is a British corporation with its principal place of business in Harmondsworth, Middlesex, England. It transacts business in this District and transports passengers to and from hundreds of destinations, including to multiple locations in the U.S., including this District. Plaintiff's claims arise from British Airways' contacts with this District, and British Airways knew or should have known that its conduct as alleged in this Complaint would cause injury in this District.

3

11. Virgin Atlantic Airways, Ltd. ("Virgin Atlantic") is a company organized with its principal place of business in West Sussex, England. Virgin Atlantic has offices in the United States including in Norwalk, Connecticut. It transacts business in this District and transports passengers to and from hundreds of destinations, including to multiple locations in the U.S., including this District. Plaintiff's claims arise from Virgin Atlantic's contacts with this District, and Virgin Atlantic knew or should have known that its conduct as alleged in this Complaint would cause injury in this District.

12. American Airlines, Inc. is a subsidiary of AMR Corp. (collectively "American Airlines"), both of which are Delaware corporations with their principal place of business in Fort Worth, Texas. It transacts business in this District and transports passengers to and from hundreds of destinations, including to multiple locations in the U.S., including this District. Plaintiff's claims arise from American Airlines' contacts with this District, and American Airlines knew or should have known that its conduct as alleged in this Complaint would cause injury in this District.

13. United Airlines, Inc. is a subsidiary of UAL Corp., (collectively, "United Airlines"), a Delaware corporation. Both United Airlines, Inc. and UAL Corp. have their principal place of business in Elk Grove Township, Illinois. It transacts business in this District and transports passengers to and from hundreds of destinations, including to multiple locations in the U.S., including this District. Plaintiff's claims arise from United Airlines' contacts with this District, and United Airlines knew or should have known that its conduct as alleged in this Complaint would cause injury in this District.

14. Defendants, competitors of each other within the relevant service and geographic markets, offer international air travel service, including service that is offered in the District.

15. On information and belief, various other individuals, partnerships, firms, corporations and associations have participated as co-conspirators in the violations alleged herein and have

performed acts and made statements in furtherance thereof. Their identities are not known to Plaintiff at this time.

## IV. <u>CLASS ACTION ALLEGATIONS</u>

16. Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on his own behalf and as representative of a Class defined as: All persons or entities that purchased international passenger air transportation services in the United States from Defendants, their co-conspirators, predecessors or controlled subsidiaries or affiliates from June 2002 and continuing to present.

17. Excluded from the Class are the Defendants and any parent, subsidiary, corporate affiliate, officer, director or employee of a Defendant and any judge or magistrate judge assigned to entertain any portion of this case.

18. The members of the Class are so numerous and geographically disperse across the country so that joinder of all members of the Class would be impracticable. Due to the nature of the claims asserted here, Plaintiff believes that members of the Class are located throughout the world, including the U.S. The exact number of Class members is unknown by Plaintiff at this time, but Plaintiff believes that the Class is in the thousands and their identities can only be discovered through inspection of Defendants and their co-conspirators records, which are or should be readily available.

19. Plaintiff's claims are typical of the claims of other class members because Plaintiff and all members of the Class were damaged by the same wrongful conduct of the Defendants alleged herein. Plaintiff and all the members of the Class purchased international air travel services at artificial and non-competitive prices as a result of the wrongful conduct alleged herein.

5

20.     Plaintiff will fairly and adequately protect the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the Class. In addition, Plaintiff is represented by counsel who is experienced and competent in the prosecution of complex class action antitrust litigation.

21.     Questions of law and fact common to the members of the class predominate over questions which may affect only individual members, if any, in that Defendants have acted on grounds generally applicable to the entire class. Among the questions of law and fact common to the Class are:

(a)     Whether Defendants entered into a contract, combination or conspiracy to fix, raise or maintain passenger air transportation charges, including fuel surcharges;

(b)     The duration and extent of the contract, combination or conspiracy alleged herein;

(c)     Whether the Defendants were participants in the contract, combination or conspiracy alleged herein;

(d)     Whether the alleged contract, combination or conspiracy violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

(e)     The effect of Defendants' contract, combination or conspiracy upon interstate and international commerce.

(f)     Whether the alleged contract, combination or conspiracy caused injury and damage to Plaintiff and members of the Class and the appropriate measure of damages; and Whether Plaintiff and members of the Class are entitled to injunctive and other equitable relief.

22.     Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

6

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by certain class members, who could not afford to individually litigate an antitrust claim against large corporate Defendants.

23. Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV. **INTERSTATE TRADE AND COMMERCE**

24. Defendants are leading air carriers in the U.S. and the world dealing in the business of international air travel to and from the U.S.

25. During the period of time covered by this Complaint, Defendants provided a means for public customers to travel in interstate and international commerce and between the U.S. and any location beyond the U.S.

26. During the period of time covered by this Complaint, there has been a continuous and uninterrupted flow of transactions in international air travel service throughout the U.S and the world, including in this District.

27. The restraints hereinafter alleged have directly and substantially affected interstate and international commerce in that Defendants have deprived Plaintiff and the Class of the benefits of free and open competition in the business of international air travel services.

## V. **VIOLATION ALLEGED**

28. Beginning at least as early as June 2002, the exact date being unknown to Plaintiff, and continuing thereafter to present day, Defendants, the largest providers of international air travel services in the U.S. and the world, engaged in a continuing contract, combination, or conspiracy in

unreasonable restraint of the interstate trade and commerce described above in violation of Section 1 of 15 U.S.C. §1, commonly known as the Sherman Act.

29. The aforesaid contract, combination, or conspiracy consisted of a continuing combination, agreement, understanding and concert of action among the Defendants and co-conspirators, the substantial terms which were to fix, raise, maintain, and stabilize the price of surcharges relating to, among other things, fuel assessed to their international air travel customers.

30. Defendants have a collective interest to fix the prices of the surcharges they assess their customers in order to maximize their profit by depriving free and open competition in the international air travel industry.

31. Upon information and belief, the price-fixing agreement between the Defendants is facilitated by each Defendant's ability to check if another airline carrier is adhering to the agreement by accessing the company's website and or publicly known charges related to air fares to determine what that carrier is assessing its customers as a surcharge for, among other things, fuel.

32. On or about June 22, 2006, the U.S. Department of Justice announced that they had begun a price-fixing probe in the international airline industry. A DOJ spokeswoman stated that its antitrust division "is investigating the possibility of anticompetitive practices involving surcharges and rates for passenger fares and air cargo shipments."

33. On or about June 22, 2006, Britain's Office of Fair Trade announced that it had begun a similar probe. The Office of Fair Trade stated that it was conducting "both a criminal and civil investigation into alleged price coordination by airlines in relation to fuel surcharges for long-haul passenger flights to and from the U.K."

34. The Department of Justice and Office of Fair Trade have indicated their investigations could lead to criminal charges, civil penalties, or both.

35. To date, the probes have included an Office of Fair Trade inspection of British Airways' offices on or about June 13, 2006. Additionally, a grand jury has convened in the U.S. in connection with the investigations. Virgin Atlantic Airways, United Airlines and American Airlines have been contacted by government officials.

36. On or about June 22, 2006, British Airways acknowledged it has been subject to investigation and said it was assisting in the investigation. British Airways also acknowledged that two senior executives—Martin George, the commercial director since June 2004, was previously the director of marketing and sits on the board of directors; and Iain Burns, the chief of communications—had been placed on a leave of absence during the investigation, but it did not elaborate.

37. On or about June 22, 2006, American Airlines publicly acknowledged that it had been contacted by U.S. authorities about the probe but claims not to be a target of the investigation. American Airlines is British Airways' "Oneworld Alliance" partner. On or about June 22, 2006, "American Airlines acknowledged that it received a U.S. federal grand jury subpoena in connection with a government investigation into alleged price fixing in the air passenger industry."

38. On or about June 22, 2006, United Airlines publicly acknowledged that it had received an inquiry in connection with the investigation and was cooperating, but claimed not to be a target of the investigation.

39. On or about June 22, 2006, Virgin Atlantic acknowledged it was "aware of the investigation" and was "assisting."

40. High fuel prices have led airlines to raise the surcharge that passengers pay on long-haul flights.

9

41. The rise of low-cost carriers in the U.S. and Europe has put pressure on long-established airlines to maintain the façade of low air fares.

42. Long-established carriers like Defendants have been losing customers on short-haul flights to newer discount carriers in Europe, putting pressure on them to hold down their short-haul prices and make up the difference on fares for longer flights.

43. Many airlines have been trying to increase revenues by adding fuel surcharges to passenger ticket prices.

44. In the last two years, British Airways has increased the fuel surcharge to its passengers seven times.

45. The average one-way airfare between 160 international city pairs is estimated to have grown 7.2 percent in the first quarter of 2006 from $1,547 in the first quarter of 2005. International business-class tickets, which are the primary profit drivers for full-service airlines, are estimated to have ended March costing 5.9 percent more than the first quarter of 2005.

46. The so-called fuel surcharges are a surreptitious way for airlines to raise fares by more than the true added cost of fuel.

47. Most major carriers flying between the U.S. and Heathrow, London's main international airport, charge passengers approximately $64 or more each way in fuel surcharges. In approximately April 2006, British Airways increased its fuel surcharges for long-haul flights by at least $9, in round figures, and as much as $64 on each one way ticket. Virgin Atlantic introduced an approximately $64 each-way fuel surcharge at around the same time. United Airlines and American Airlines currently charge approximately $67 each way.

10

## VI. **EFFECTS OF DEFENDANTS' CONSPIRACY**

48. Defendants' anticompetitive agreements, as detailed herein, had the effect of inflating passenger air transportation prices charged by Defendants to the public and members of the Class beyond the level that would have prevailed in a competitive market. Defendants implemented the unlawful pricing policies worldwide, so that the prices charged by Defendants for passenger air transportation in the international market were inflated. As the direct consequence of the unlawful contract, combination or conspiracy, such prices were also artificially inflated in the United States.

49. Defendants' unlawful conspiratorial conduct occurred within the United States. Defendants derive substantial revenue in the United States from international passenger air transportation. Defendants intended and expected, at the time they devised, implemented and maintained the scheme alleged herein, that their scheme would affect purchasers of such passenger air transportation services, including those purchasers in the United States. Defendants' anticompetitive conduct and conspiracy had direct, substantial and reasonably foreseeable effects on interstate and international commerce. Defendants' anticompetitive conduct was directed at the purchasers of international passenger air transportation services both in and outside the United States and reduced competition in this market. Many members of the Class are American citizens. To the extent that the worldwide conspiracy was directed at customers outside the United States, the conspiracy had a direct, substantial and reasonably foreseeable effect on competition in the United States for the provision of international passenger air transportation services. Defendants' unlawful conduct created a worldwide reduction in competition and an artificially inflated worldwide price.

50. Absent their anticompetitive agreements, Defendants could not have maintained their artificially high prices without risking the loss of business to one another.

51. Plaintiff and the Class have been injured by Defendants' anticompetitive conspiracy in that they have paid higher costs for the international passenger air transportation services than they would have absent Defendants' anticompetitive agreements.

## VII. FRAUDULENT CONCEALMENT

52. The running of any statute of limitations has been suspended with respect to any claims which the Plaintiff and the other members of the Class have sustained as a result of the unlawful combination and conspiracy alleged herein and with respect to their rights to injunctive relief by virtue of the federal doctrine of fraudulent concealment. Through various devices and techniques of secrecy affirmatively and fraudulently, Defendants concealed the existence of the unlawful combination and conspiracy alleged.

## COUNT I
### Violation of Sherman Act § 1 - 15 U.S.C. § 1

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. Defendants and their co-conspirators have engaged in a horizontal contract, combination or conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act. 15 U.S.C. § 1.

55. From June 2002, and continuing to the present, the exact dates being unknown to Plaintiff, Defendants and their co-conspirators engaged in a contract, combination or conspiracy to fix, raise, maintain or stabilize prices for passenger air transportation services including surcharges for items such as fuel and security in violation of Section 1 of the Sherman Act. 15 U.S.C. § 1. The conspiracy operated domestically as well as internationally.

56. The contract, combination or conspiracy has had and will continue to have the following effects:

(a) Competition in the international passenger air transportation market has been unlawfully restrained, suppressed or eliminated;

(b) Plaintiff and members of the Class have been denied the benefits of free, open and unrestricted competition in the international passenger air transportation market; and

(c) The price of international passenger air transportation has been maintained or stabilized at artificially high and non-competitive levels.

57. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the Class have suffered injury to their business or property and have paid artificially high prices for international passenger air transportation.

58. If not permanently enjoined, the unlawful contract, combination or conspiracy will continue and cause irreparable harm to Plaintiff and members of the Class who have no adequate remedy at law.

## COUNT II
## Unjust Enrichment

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

60. Defendants benefited from their unlawful acts through the receipt of overpayments by Plaintiff and other members of the Class. It would be inequitable for Defendants to be permitted to retain the benefit of these overpayments, which were conferred by Plaintiff and retained by Defendants.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray that the Court enter judgment in their favor as follows:

13

A. Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Declaring that Defendants violated and are in violation of the Sherman Act § 1, state and common law alleged herein;

C. Awarding threefold the damages sustained by Plaintiff and members of the Class as a result of Defendants' violations;

D. Disgorging from Defendants the funds that they obtained, and that in equity and good conscience they should not be permitted to retain, as a consequence of the wrongful conduct alleged herein;

E. Ordering injunctive relief preventing and restraining Defendants and all persons acting on their behalf from engaging in the unlawful acts alleged herein;

F. Awarding Plaintiff and the Class the costs, interest, expenses, and reasonable attorneys' fees and experts' fees for bringing and prosecuting this action; and

G. Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## VIII. JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

Dated: August 24, 2006

**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**

By: _/s/ R. Scott Palmer_

R. Scott Palmer
FBN 220353
Manuel J. Dominguez
FBN 0054798
Marc J. Greenspon
FBN 0604593

14

222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Telephone: (561) 835-9400
Facsimile: (561) 935-0322
E-Mail: lawfla@bermanesq.com

Joseph Tabacco
Todd Seaver
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
425 California Street, 21st Floor
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (514) 433-6382
E-Mail: sflaw@bermanesq.com

Daniel R. Karon
**GOLDMAN SCARLATO & KARON, P.C.**
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Telephone: (216) 622-1851
Facsimile: (216) 622-1852
E-mail: karon@gsk-law.com

Ann D. White
**ANN D. WHITE LAW OFFICES, P.C**
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 481-0274
Facsimile: (215) 481-0271
E-mail: awhite@awhitelaw.com

*Attorneys for Plaintiff*

15

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
STUART MADNICK

**DEFENDANTS** AMERICAN AIRLINES, INC., AMR CORPORATION, BRITISH AIRWAYS, PLC., UAL CORPORATION, UNITED AIRLINES, INC. AND VIRGIN ATLANTIC AIRWAYS, LTD.

**(b)** County of Residence of First Listed Plaintiff  Suffolk County, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Manuel J. Dominguez, Berman DeValerio Pease Tabacco Burt & Pucillo, 222 Lakeview Avenue, Suite 900, West Palm Beach, FL 33401
Tel: 561/835-9400

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☑ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☑ YES ☐ NO
JUDGE Moreno    DOCKET NUMBER 06-21611

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violations of § 1 of Sherman Act, § 4 of Clayton Act, and Unjust Enrichment, 15 U.S.C. § 1, 15 U.S.C. § 15, and 28 U.S.C. §§ 1331, 1337
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE August 24, 2006

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____

CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
### CIVIL DOCKET FOR CASE #: 1:06-cv-22145-UU

| | |
|---|---|
| Madnick v. AMR Corp., et al | Date Filed: 08/24/2006 |
| Assigned to: Judge Ursula Ungaro | Date Terminated: 09/29/2006 |
| Demand: $0 | Jury Demand: Plaintiff |
| Cause: 15:0001 Antitrust Litigation | Nature of Suit: 410 Anti-Trust |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Stuart Madnick**    represented by    **Ann D. White**
Mager White & Goldstein
165 Township Line Road
Suite 2400 One Pitcairn Place
Jenkintown, PA 19046
215-481-0274
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel R. Karon**
Goldman Scarlato & Karon PC
55 Public Square
Suite 1500
Cleveland, OH 44114
216-622-1851
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Manuel Juan Dominguez**
Berman DeValerio Pease Tabacco Burt & Pucillo
Esperante Building
222 Lakeview Avenue
Suite 900
West Palm Beach, FL 33401
561-835-9400
Fax: 835-0322
Email: mdominguez@bermanesq.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc J. Greenspon**
Berman DeValerio Pease Tabacco Burt & Pucillo
Esperante Building
222 Lakeview Avenue

        Suite 900
West Palm Beach, FL 33401
561-835-9400
Fax: 835-0322
Email: mgreenspon@bermanesq.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Scott Palmer**
Berman DeValerio Pease Tabacco Burt & Pucillo
Esperante Building
222 Lakeview Avenue
Suite 900
West Palm Beach, FL 33401
561-835-9400
Fax: 835-0322
Email: spalmer@bermanesq.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AMR Corp.**  represented by  **Edward Soto**
Weil Gotshal & Manges
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
305-577-3177
Fax: 374-7159
Email: edward.soto@weil.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Airlines, Inc.**  represented by  **Edward Soto**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**British Airways, PLC**  represented by  **Daryl A. Libow**
Sullivan & Cromwall
1701 Pennsylvannia NW
Washington, DC 20006-2498
202-956-7500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

       Case 3:08-cv-03615-CRB    Document 1-2    Filed 07/29/2008    Page 3 of 4

**Hilarie Bass**
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
305-579-0745
Fax: 579-0717
Email: bassh@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Allan Salky**
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
305-579-0816
Fax: 305-579-0717
Email: salkym@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UAL Corp.**                represented by  **Andrew Marc Kofsky**
                                              Mayer Brown Rowe & Maw LLP
                                              1909 K Street NW
                                              Washington, DC 20006
                                              202-263-3000
                                              Fax: 263-3300
                                              Email: akofsky@mayerbrownrowe.com

                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**United Airlines, Inc.**    represented by  **Andrew Marc Kofsky**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Virgin Atlantic Airways Limited**   represented by  **Chris S. Coutroulis**
                                              Carlton Fields
                                              4221 W Boy Scout Boulevard
                                              10th Floor - Corporate Center III
                                              Tampa, FL 33067-5736
                                              813-223-7000
                                              Fax: 229-4133
                                              Email: ccoutroulis@carltonfields.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2006 | 1 | COMPLAINT filed; FILING FEE $350.00 RECEIPT # 945898 ; Magistrate Judge O'Sullivan (dg, Deputy Clerk) (Entered: 08/31/2006) |
| 08/24/2006 | 2 | SUMMONS(ES) issued for AMR Corp. (dg, Deputy Clerk) (Entered: 08/31/2006) |
| 08/24/2006 | 3 | SUMMONS(ES) issued for American Airlines (dg, Deputy Clerk) (Entered: 08/31/2006) |
| 08/24/2006 | 4 | SUMMONS(ES) issued for British Airways (dg, Deputy Clerk) (Entered: 08/31/2006) |
| 08/24/2006 | 5 | SUMMONS(ES) issued for UAL Corp. (dg, Deputy Clerk) (Entered: 08/31/2006) |
| 08/24/2006 | 6 | SUMMONS(ES) issued for United Airlines (dg, Deputy Clerk) (Entered: 08/31/2006) |
| 08/24/2006 | 7 | SUMMONS(ES) issued for Virgin Atlantic (dg, Deputy Clerk) (Entered: 08/31/2006) |
| 09/05/2006 | 8 | ORDER set scheduling conference for 11:00 12/1/06 before Judge Ursula Ungaro-Benages ( Signed by Judge Ursula Ungaro-Benages on 8/31/06) [EOD Date: 9/6/06] (tb, Deputy Clerk) (Entered: 09/06/2006) |
| 09/22/2006 | 9 | NOTICE of Pendency of Other Action. by Stuart Madnick (sk, Deputy Clerk) (Entered: 09/25/2006) |
| 09/25/2006 | 10 | MOTION by American Airlines, AMR Corp., British Airways, UAL Corp., United Airlines, Virgin Atlantic (Attorney ) to extend time to respond to complaint (sk, Deputy Clerk) (Entered: 09/26/2006) |
| 09/29/2006 | 11 | ADMINISTRATIVE ORDER CLOSING CASE: All pending motions are DENIED AS MOOT. ( Signed by Judge Ursula Ungaro-Benages on 9/29/06) [EOD Date: 9/29/06] (sk, Deputy Clerk) (Entered: 09/29/2006) |